## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.  10-20634-CIV-KING/WHITE

RALPH E. HAWKER,

      Petitioner,

v.

TIMOTHY BUDZ,
Facility Directory, and
FLORIDA STATE ATTORNEY
GENERAL,

      Respondent.

_____/

### FINAL ORDER OF DISMISSAL

THIS CAUSE comes before the Court upon the September 30, 2010, Report and

Recommendation ("R&R" or DE #32) of Magistrate Judge Patrick A. White

recommending denial of *pro se* Petitioner Hawker's Emergency Petition for Writ of

Habeas Corpus (DE #1) as untimely filed pursuant to 28 U.S.C. § 2244(d)(1)–(2).

Objections to the R&R were due by October 18, 2010.  Though neither party filed

objections by the due date, Petitioner filed a Response to Court Order (DE #35) on

October 26, 2010.  The Court construes Petitioner's Response as his objections to the

R&R, which the Court has considered although untimely filed.

Petitioner challenges the legality of state court civil commitment proceedings

against him conducted pursuant to the Involuntary Civil Commitment of Sexually Violent

Predators' Treatment and Care Act, Fla. Stat. §§394.910, *et seq.*, commonly known as the

"Jimmy Ryce Act." (DE #1). As explained in the R&R, Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), and post-AEDPA law therefore governs this action. (DE #32 at 9–10). The AEDPA imposes a one-year statute of limitations on §2254 actions, which begins to run upon the occurrence of one of several events outlined in the statute.[1]  28 U.S.C. §2254(d).  The limitations period in this case began to run on July 16, 2007, but this action was not commenced until December 10, 2009. (DE #32 at 12). As explained in the R&R, Petitioner is not entitled to equitable tolling. *Id.* at 13. Accordingly, the recommendation that Petitioner's Emergency Petition be dismissed as untimely filed is well-reasoned and is affirmed and adopted.

Petitioner objects to the R&R on the ground that he is a layperson unrepresented by counsel, and therefore cannot be expected to be familiar with the rules and procedures of the Court, including the applicable statute of limitations. (DE #35). While it is true that *pro se* litigants are not formally trained as legal counsel, unfamiliarity with court

---

[1] The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

rules is not an adequate reason to excuse timely filing of a petition for habeas corpus.   In

habeas corpus actions, "[p]ro se litigants, like all others, are deemed to know of the one-

year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1283, n.4 (11th Cir.

2007) (affirming denial of motion to vacate sentence).   Pleadings filed by *pro se* litigants

are construed liberally, but "liberal construction does not mean liberal deadlines." *Wayne*

*v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999); *see also McNeil v. United States*, 508

U.S. 106, 113 ("While we have insisted that the pleadings prepared by prisoners who do

not have access to counsel be liberally construed . . . we have never suggested that

procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes

by those who proceed without counsel.") (affirming dismissal of prisoner's Federal Tort

Claim Act for failure to exhaust administrative remedies). Consequently, Petitioner's

objections are not persuasive.

Accordingly, the Court being otherwise fully advised, it is **ORDERED,**

**ADJUDGED and DECREED** as follows:

1.   Magistrate Judge Patrick A. White's September 30, 2010 Report and
     Recommendation **(DE #32)** be, and the same is, hereby **AFFIRMED and**
     **ADOPTED**.

2.   Petitioner Hawker's Emergency Writ for Habeas Corpus **(DE #1)** be, and
     the same is, hereby **DISMISSED.**

3.   The Clerk shall **CLOSE** this case.

3

4.    All pending motions are denied as **MOOT.**

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice

Building and United States Courthouse, Miami, Florida, this 16th day of November,

2010.

_JAMES LAWRENCE KING_
U/S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

### _Petitioner_

**Ralph E. Hawker**
#990189
Florida Civil Commitment Center
13619 S.E. Highway 70
Arcadia, FL 34266
PRO SE

### _Counsel for Respondent_

**Sue-Ellen Kenny**
Attorney General Office
1515 N Flagler Drive
Suite 900
West Palm Beach, FL 33401-3432
561-837-5000
Fax: 837-5099
Email: SueEllen.Kenny@myfloridalegal.com

**Noticing 2254 State Attorney General**
Email: FedCourtFilings@oag.state.fl.us

_Judge White_

4